TRIPLE CITIES CONSTRUCTION CORPORATION, Respondent, *v.* BYERS MACHINE COMPANY, INC., Appellant.*

Third Department, May 1, 1940.

*Levine & Levine* [*Albert Levine* of counsel], for the appellant.

*Hinman, Howard & Kattell* [*Morris Gitlitz* of counsel], for the respondent.

FOSTER, J. Appeal from an order of the Broome County Special Term denying defendant's motion for summary judgment and granting summary judgment in favor of the plaintiff.

Defendant sold and delivered to the plaintiff a steam shovel under a conditional sales contract. Plaintiff failed to pay the last three monthly installments as they became due, and defendant retook possession. In an attempt to redeem plaintiff tendered the balance

---

* Revg. 172 Misc. 519.

due, together with the expense of retaking and storage. It objected, however, to one item claimed for attorney's fees in the sum of $200 and paid it under protest. Later it brought this action to recover such amount.

The complaint concedes default in the payment of installments but alleges that the $200 exacted for attorney's fees was illegal and excessive, and paid under duress. The answer denies these charges of illegality, excessiveness and duress, and sets up a counterclaim for $73.20 additional expenses, alleged to have been incurred in making arrangements for public sale. After issue was joined defendant moved for a summary judgment dismissing the complaint, and for a judgment on the counterclaim. The motion was denied and judgment was granted to the plaintiff for $200.

Section 78 of the Personal Property Law provides that the buyer in case of default, and in order to redeem, must pay the balance due on the contract and " the expenses of retaking, keeping and storage." The Special Term has held that the expenses of retaking, as contemplated by the statute, do not include attorney's fees.

We reach a different conclusion. While property sold under a conditional sales agreement may at times be retaken without resort to legal process, there are times when such process is necessary. Moreover, there are circumstances which would undoubtedly justify a seller in seeking the advice and guidance of counsel as to his right to seize the property and the method by which such right ought to be exercised. This would be particularly true where there is a dispute concerning the subject-matter of the sale, the terms of the agreement, or where negotiations are carried on with regard to a compromise of some of the terms of sale. It is unreasonable to assume that the legislative intent envisaged the statute as self-executing, or that all laymen would be sufficiently acquainted with the intricacies of legal precedent and construction to properly determine their rights in connection therewith.

We think, therefore, that a reasonable fee for the services of counsel may be justly and properly included under many conditions incident to the act of repossession. Of course no precise rule can be laid down and applied as a mathematical formula to determine an exact line within which an attorney may be employed. Each situation must be governed by its own peculiar facts. Under our construction of the statute we deem it unnecessary to discuss at length the clause in the agreement relating to attorney's fees. If the statute permits a counsel fee when incurred as a part of the expense of repossession such clause is superfluous.

In the present case the pleadings and affidavits raise a question of fact as to whether the employment of counsel was in good faith

and reasonably necessary as an incident to the act of repossession, and also as to whether the fee charged was fair and reasonable. These issues should not have been decided summarily, but left for determination upon a trial.

The order appealed from should be reversed, with costs to the appellant.

HILL, P. J., CRAPSER, HEFFERNAN and SCHENCK, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion for summary judgment denied, with ten dollars costs and disbursements.